UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
_____
                              )
UNITED STATES,                )
                              )
        v.                    )      Criminal Action No. 00-254(RWR)
                              )
WAYNE FELDER,                 )
                              )
        Defendant.            )
_____)
```

## MEMORANDUM OPINION AND ORDER

Petitioner Wayne Felder filed a motion under 28 U.S.C. § 2255 to vacate this court's sentence arguing that his counsel provided ineffective assistance by not filing an appeal, by not adequately contesting an improper role enhancement under the sentencing guidelines, and by advising him to plead guilty without warning him about the role enhancements; that an unconstitutional prior conviction was used to enhance his criminal history; and that his sentence was unconstitutional under United States v. Booker, 543 U.S. 220 (2005). The government opposes Felder's motion, but requests an evidentiary hearing on whether his attorney failed to appeal when requested. Because the facts regarding Felder's instructions concerning filing an appeal are in dispute, an evidentiary hearing will be scheduled on that issue. Felder's other claims are unsubstantiated and do not entitle him to relief.[1]

---

[1] Felder has also moved to file a supplemental pleading and to obtain discovery of documents. The former motion will be granted and the latter will be denied without prejudice as

-2-

BACKGROUND

Felder was indicted for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and MDMA, in violation of 21 U.S.C. § 846; unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii); unlawful possession with intent to distribute MDMA (ecstasy), in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C); using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1).  Felder entered into an agreement with the government to plead guilty to the conspiracy count.

The facts to which Felder agreed under oath (Plea Tr. at 6) include the following.  Felder contacted Sulette Mercado and asked her to help him transport cocaine base and MDMA from New York to North Carolina.  Mercado did not have money to travel from North Carolina to New York and Felder agreed to wire money to a relative in North Carolina for Mercado.  Mercado received the money and purchased a train ticket to New York.  One day after arriving in New York, Felder picked Mercado up, obtained several peanut butter jars, and went to a hotel.  Felder scooped out the peanut butter, inserted plastic bags of MDMA and crack

---

premature.

-3-

cocaine into the jars, and then resealed the jars with glue.  He
gave the jars to Mercado who agreed to transport them back to
North Carolina for him in her bag.  Felder also had a bag which
contained a .9 mm handgun.  The next day, Felder and Mercado
boarded a train with their bags and departed from New York.
When the train stopped in Washington D.C., police officers
approached Felder and questioned him.  Felder told the police
that he was not traveling with Mercado, but he admitted that
Mercado was holding his train ticket.  In response to an
officer's request, Felder identified his bag on the luggage rack
and consented to its search.  The police found the handgun and
arrested Felder.  Mercado continued on the train to North
Carolina where police stopped her after she got off of the train.
An officer searched her bag and found 253.7 grams of cocaine base
and 19.8 grams of MDMA.  Mercado cooperated with the police,
telling them about Felder's role in the offense and that he
agreed to pay her to transport the drugs.  (Id. at 31-37; Tr.
Mots. Hr'g at 11, 15.)

     In Felder's plea agreement, the government agreed not to
seek at sentencing an increase in Felder's sentencing guidelines
offense level for any role as "an organizer, leader, manager, or
supervisor" of one or more participants in a criminal activity.
U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c) (2001).  At
sentencing, Felder asserted that the government would confirm

-4-

that Mercado equally exercised decision-making authority.  (Sent.
Tr. at 3.)  The government responded that Mercado was unlike an
unwitting, first-time courier since she had transported drugs
several times before for Felder for pay and knew how and where to
stash the drugs, making the leadership enhancement for Felder
inappropriate.  (Id. at 7-8.)  However, the court found, over
Felder's objection, that the 2-point enhancement was warranted,
resulting in a total offense level of 35.  Felder's criminal
history category of III, to which Felder did not object, was
based in part upon a prior conviction which the presentence
report described as having occurred after Felder waived the right
to legal representation.  Felder's resulting sentencing range was
210 to 262 months, and he was sentenced in 2002 to 210 months.

Felder claims that (1) his attorney, Valencia Rainey, was
ineffective because she failed to file an appeal as he
instructed, advised him to plead guilty when he was unaware of
the role enhancement, and did not contest improper grounds for
applying the role enhancement, (2) the prior conviction in which
he reportedly was not represented by counsel should not have been
included in his criminal history calculation, and (3) his
sentence is unconstitutional following Booker.  (Pet'r Mem. of P.
& A. in Support of Mot. under 28 U.S.C. § 2255 ("Pet'r Mem.") at
7, 13; Pet'r Reply to the Gov't Opp'n to Pet'r Mot. ("Pet'r
Reply") at 3; Pet'r Second Mot. to Suppl. Pleadings Pursuant to

-5-

Fed. R. Civil P. 15(d) ("Pet'r Second Mot.") at 1.)   The
government opposes Felder's motion, but agrees that an
evidentiary hearing should be held on whether Rainey failed to
file an appeal.  (Gov't Opp'n to Def.'s Mot. ("Gov't Opp'n") at
19.)

## DISCUSSION

In a § 2255 motion, the petitioner can move to "vacate, set
aside, or correct the sentence" if the sentence was "imposed in
violation of the Constitution or laws of the United States[.]"
28 U.S.C. § 2255.  The petitioner bears the burden of proving the
violation by a preponderance of the evidence.  United States v.
Vines, Criminal Action No. 01-399 (CKK), 2006 WL 1876951, at *3
(D.D.C. July 6, 2006).  An evidentiary hearing does not need to
be held when the "motion and the files and the records of the
case conclusively show the prisoner is entitled to no relief."
United States v. Horne, No. 99-3080, 2000 WL 60246, at *2 (D.C.
Cir. Jan. 4, 2000) (noting that it is within the court's
discretion whether to hold a hearing when it is the same court
that presided over the petitioner's criminal proceedings).

I.   INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prove ineffective assistance of his counsel,
Felder must show (1) that counsel's representation fell below an
objective standard of reasonableness, and (2) that there is a
reasonable probability that, but for counsel's errors, the result

-6-

of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  Counsel's performance is evaluated on the basis of how counsel would have viewed it at the time without the benefit of hindsight.  Id. at 689.  For the first prong, the petitioner must show that counsel did not provide reasonable service under the "prevailing professional norms" given the circumstances.  Id. at 688.  Courts will look to "an attorney's ethical duties, including those which require counsel to bring skill and knowledge to the case and to provide zealous representation."  Best v. Drew, Criminal Action No. 01-262 (RWR), 2006 WL 2035652, at *3 (D.D.C. July 18, 2006). For the second prong, a reasonable probability is "probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  See also United States v. Bowie, 198 F.3d 905, 908-09 (D.C. Cir. 1999) (noting that reasonable probability can be less than 50.01%)  Courts can analyze the second prong first to determine whether there was prejudice to the petitioner without examining counsel's performance under the first prong. Strickland, 466 U.S. at 697.

A.   Enhancement for Aggravating Role

Several factors can measure defendants' relative roles for purposes of applying the § 3B1.1 aggravating role enhancement: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment

-7-

of accomplices, the claimed right to a larger share of the fruits
of the crime, the degree of participation in planning or
organizing the offense, the nature and scope of the illegal
activity, and the degree of control and authority exercised over
others." USSG § 3B1.1 n.4 (2001). See also United States v.
Graham, 162 F.3d 1180, 1185 n.5 (D.C. Cir. 1998) (stating that
although these factors are technically for distinguishing between
a manager or supervisor from an organizer or leader, they can be
used in distinguishing a manager from a participant because the
"two inquiries differ only in degree rather than in kind").

Mere "'control over a scheme rather than over a *participant*
in a scheme,' however, does not warrant a sentencing adjustment
pursuant to section 3B1.1(c)." United States v. Bapack, 129 F.3d
1320, 1324 (D.C. Cir. 1997) (emphasis in original). A
participant is a "'person who is criminally responsible for the
commission of the offense, but need not have been convicted.'"
Id. at 1325 (quoting USSG § 3B1.1 n.1 (1995)) (stating that a
criminally responsible person is someone who committed all the
elements of the crime with the requisite mens rea). An
aggravating role enhancement under the guidelines must be
supported by a preponderance of the evidence. Graham, 162 F.3d
at 1183.

Felder argues that Rainey should have objected to the court
considering Mercado's earlier acts in awarding the § 3B1.1(c)

-8-

enhancement since they were not relevant conduct for his offense
of conviction, and he was prejudiced by their use.  (Pet'r Reply
at 3.)  However, both the parties and the court referred to
Mercado's earlier transactions as tending to mitigate, not
aggravate, any showing that Felder exercised control or decision-
making authority over her.  (See, e.g., Sent. Tr. at 9 ("It is he
who solicited his accomplice, although she was a very willing
accomplice and a repeat accomplice."))  The enhancement was
applied because he solicited her, he gave her the money to travel
to New York to meet him, and he dictated when she would transport
the drugs, the mode of transportation she would use, and the
containers in which she would carry the drugs.  (Id. at 9.)
Mercado's earlier acts were undisputed and, as used, did not
prejudice Felder at all.[2]

According to Felder, Rainey also failed to argue "that the
district court finding that the petitioner 'purchased the ticket'
was an [im]permissible basis to support a sentence enhancement
pursuant to U.S.S.G. 3B1.1(c)" (Pet'r Mem. at 10) because in
purchasing the ticket, he was "exercising management

---

[2] Felder seems to suggest that the prosecutor violated the
plea agreement and asked for the § 3C1.1 enhancement by saying "I
do realize that there was a basis for us to ask for that."
(Pet'r Suppl. Reply at 5.)  What Felder omits is the prosecutor's
very next statement which began, "But, on the other hand," and
ended moments later with "we again, do not request the
enhancement[.]"  (Sent. Tr. at 5-6.)  In context, the quote
Felder cites reflects no breach of the plea agreement.

-9-

responsibility over property, assets, or activities of the
conspiracy," and not over a participant.  (Id. at 11 (internal
quotation marks omitted).)  However, Felder's purchase of
Mercado's ticket was an indicator of his control over her.  She
did not come and go as she pleased or when she pleased; she left
North Carolina only when he said to and only once he furnished
her with travel funds, and went only where he said to go.  In any
event, his funding her ticket was but one of the multiple factors
identified above that demonstrated by a preponderance of the
evidence that Felder led a small criminal enterprise and exerted
control over Mercado's actions in it, and not just over property.
Felder has demonstrated no reasonable probability that the
sentencing result would have been different had Rainey made the
argument Felder raises.  Therefore, Rainey was not ineffective by
failing to argue that the court improperly applied the leadership
role enhancement.

> B.    Plea Agreement

A claim of ineffectiveness of counsel "'arising out of the
plea process' must be evaluated under the Strickland test."
Best, 2006 WL 2035652, at *5 (quoting Hill v. Lockhart, 474 U.S.
52, 57 (1985)).  A plea based upon the advice of counsel that
"'falls below the level of reasonable competence such that the
defendant does not receive effective assistance' is neither
voluntary nor intelligent."  United States v. McCoy, 215 F.3d

-10-

102, 107 (D.C. Cir. 2000) (quoting <u>United States v. Loughery</u>, 908
F.2d 1014, 1019 (D.C. Cir. 1990) (internal citation omitted)).
When the evidence supports a defendant's assertion that he would
not have accepted the plea agreement but for counsel's erroneous
advice, a defendant has been prejudiced. <u>See</u> <u>United States v.
Streater</u>, 70 F.3d 1314, 1322 (D.C. Cir. 1995) (stating that the
defendant's affidavit asserting his innocence and intention to
argue a defense and his rejection of plea offers until after
counsel erred and the judge sent for a jury panel support an
intent to proceed to trial). To satisfy the required showing of
prejudice, a "defendant must make more than a bare allegation
that he 'would have pleaded differently and gone to trial[.]'"
<u>United States v. Horne</u>, 987 F.2d 833, 836 (D.C. Cir. 1993)
(quoting <u>Key v. United States</u>, 806 F.2d 133, 139 (7th Cir.
1986)). <u>See also</u> <u>United States v. Tolson</u>, 372 F. Supp. 2d 1, 19
(D.D.C. 2005) (stating that the <u>Strickland</u> test requires not
"some" probability, but "reasonable" probability, a threshold
that bare allegations fail to satisfy). The prejudice
determination is "closely related to the objective prediction of
whether the defense could succeed if the case went to trial."
<u>United States v. Del Rosario</u>, 902 F.2d 55, 58 (D.C. Cir. 1990)
(noting that whether there is a colorable claim of innocence is
relevant to the determination of a motion to vacate a plea due to
ineffective assistance of counsel). A defendant's

-11-

representations at the plea hearing regarding "adequacy of counsel and the knowing and voluntary nature of his plea . . . may 'constitute a formidable barrier' to . . . later refutations." United States v. Taylor, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal citations omitted) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Felder argues that Rainey was "ineffective for advising the Petitioner to enter a Plea Agreement" because he reasonably understood that § 3B1.1(c) could not apply and he should have been subject to a sentencing range of only 168 to 210 months. (Pet'r Reply at 5.) He asserts that the plea agreement precluded an enhancement under § 3B1.1. (Id. at 4.) The record casts doubt upon his claim. What the agreement precluded was the government asking for such an enhancement, not the court applying one. The text was not ambiguous. During the plea, Felder acknowledged that he had read and understood the plea agreement and discussed its terms with Rainey. (Plea. Tr. at 18-19.) Nor does Felder argue that the plea colloquy itself was unconstitutional; an examination of the transcript reveals that Felder's guilty plea was "attended by all the required procedural safeguards [of Rule 11]." United States v. Cray, 47 F.3d 1203, 1208 (D.C. Cir. 1995). Felder agreed that the factual proffer read in court was a "true and accurate" description of the events that occurred; he had sufficient time to speak with his attorney;

-12-

he declined an opportunity to ask any additional questions or
speak with his lawyer before entering a plea; and he proceeded to
voluntarily admit guilt. (Plea Tr. at 27, 36, 39.) He
acknowledged that his lawyer's sentencing prediction was not
conclusive because "nothing will be certain until after the
probation officer submits her or his sentencing report," and that
while the parties would have an opportunity to file objections,
the court would make the final determination of his guideline
range. (Id. at 25-28, 38.) Felder acknowledged that "the
sentence imposed might be much higher than any estimate that
[his] attorney or the government made," that he could be
sentenced to as long as life in prison, and that the court had
"the authority in some circumstances, to impose a sentence that
is more severe, or less severe, than the sentence that's called
for by the guideline range of months." (Id. at 28.)

Even if Rainey did ineffectively explain the plea
agreement's provision regarding the § 3B1.1 enhancement, Felder
would still have to show that he was prejudiced. Felder neither
affirmatively alleges nor demonstrates that but for Rainey's
error, he would have gone to trial had he known that the two-
level increase for role in the offense could be applied. To
measure the reasonable probability that Felder would have
proceeded to trial, all counts that he would have faced must be
considered and not just the counts to which he pled guilty. In

-13-

re Sealed Case, 488 F.3d 1011, 1017 (D.C. Cir. 2007) (stating
that absent a plea agreement, the government would have no reason
not to prosecute all the counts in the indictment). Here, the
government's evidence included the 253.7 grams of cocaine base
and 19.8 grams of MDMA that the police seized from Mercado,
incriminating accomplice testimony, corroborating eyewitness
police testimony that Felder and Mercado were traveling together,
Felder's statements that he possessed the bag which contained the
gun and that Mercado was holding his train ticket, and the loaded
pistol found in Felder's possession. He also does not raise any
plausible defenses and his effort to suppress the physical
evidence and statements made to law enforcement was unsuccessful.
(Tr. Mots. Hr'g at 43-50.) If he had gone to trial and were
convicted, say, on the conspiracy count, Felder would likely have
lost the three-point offense level reduction he was awarded under
USSG § 3E1.1 for acceptance of responsibility, exposing him to a
total offense level of 38 and a guideline sentencing range of 292
to 365 months. USSG § 5A (2001). Before reaching a plea
agreement, Felder had also been facing a charge of using,
carrying, and possessing a firearm during a drug trafficking
offense. If convicted of this count, Felder would have faced an
additional mandatory five-year minimum sentence to run
consecutive to any other sentence imposed. The potentially
longer sentence and the strength of evidence weigh against any

-14-

reasonable probability that but for Rainey's alleged error

regarding the leadership role enhancement, Felder would not have

accepted a plea and proceeded to trial.  He has not made out an

actionable claim of ineffective assistance of counsel.

    C.   <u>Notice of Appeal</u>

The <u>Strickland</u> test extends to claims of ineffective

assistance based on a failure to file an appeal.  <u>United States</u>

<u>v. Taylor</u>, 339 F.3d 973, 977 (D.C. Cir. 2003).  A lawyer who

disregards specific instructions from the petitioner to file a

notice of appeal acts in a professionally unreasonable manner.

<u>Id.</u>  Counsel's failure to file an appeal requested by the client

"cannot be considered a strategic decision."  <u>Roe v.</u>

<u>Flores-Ortega</u>, 528 U.S. 470, 477 (2000).  A petitioner is

"entitled to resentencing and to an appeal without showing that

his appeal would likely have had merit" when his counsel does not

file a requested appeal.  <u>Peguero v. United States</u>, 526 U.S. 23,

28 (1999) (citing <u>Rodriquez v. United States</u>, 395 U.S. 327, 330

(1969)).  If a petitioner's attorney does not comply with a

request to file an appeal, the sentence will be vacated and the

petitioner will be resentenced to allow him to appeal.  <u>See</u>

<u>United States v. Ramos</u>, 807 F. Supp. 1, 3 (D.D.C. 1992).

The court "must grant a prompt hearing under § 2255 unless

'the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief.'"  <u>United States</u>

v. Pollard, 959 F.2d 1011, 1030 (D.C. Cir. 1992) (quoting 28
U.S.C. § 2255).  A court has discretion to make this
determination and "only where the § 2255 motion raises detailed
and specific factual allegations whose resolution requires
information outside of the record or the judge's personal
knowledge or recollection must a hearing be held."  Id. at 1031
(internal quotation marks omitted) (noting that "[e]ven if the
files and records of the case do not clearly rebut the
allegations of the prisoner, no hearing is required where his
claims are 'vague, conclusory, or palpably incredible'").

The parties present conflicting factual accounts.  Felder
asserts that he asked Rainey to file an appeal after he was
sentenced.  Although she later told him that there were no
appealable issues, he claims he expressed his dissatisfaction to
Rainey and still wanted her to file his appeal.  (Pet'r Mem., Ex.
at 2.)  According to the government, Rainey discussed the issue
of an appeal with Felder and was instructed by Felder not to file
an appeal.  (Gov't Opp'n at 18.)  The government concedes that a
hearing should be held on this issue.  (Id. at 19.)  Felder would
be entitled to relief if his version of the events were found
true.  Therefore, an evidentiary hearing will be held to resolve
the factual dispute.

-16-

II.  PRIOR CONVICTION

Felder challenges the presentence investigation report's
conclusion that he waived his right to counsel in connection with
his conviction stemming from a February 19, 1997 New York arrest
for resisting arrest.  (Pet'r Mem., Ex. at 2.)  In an affidavit,
Felder asserts that he never waived representation and argues
that the conviction should not have been considered in his
criminal history score.  In Daniels v. United States, 532 U.S.
374 (2001), the defendant challenged through a § 2255 petition
his federal sentence because it was based on two prior
unconstitutional state convictions.  Daniels concluded that if

> a prior conviction used to enhance a federal sentence
> is no longer open to direct or collateral attack in its
> own right because the defendant failed to pursue those
> remedies while they were available (or because the
> defendant did so unsuccessfully), then that defendant
> is without recourse.  The presumption of validity that
> attached to the prior conviction at the time of
> sentencing is conclusive, and the defendant may not
> collaterally attack his prior conviction through a
> motion under § 2255.  A defendant may challenge a prior
> conviction as the product of a Gideon [v. Wainright,
> 372 U.S. 335 (1963)] violation in a § 2255 motion, but
> generally only if he raised that claim at his federal
> sentencing proceeding.

Daniels, 532 U.S. at 382 (noting that in a rare case, a defendant
may be able to use § 2255 to challenge a federal sentence based
on a prior conviction when no other channel of review was
available).  If an enhanced federal sentence is ultimately
imposed, a defendant could still "pursue any channels of direct
or collateral review still available to challenge his prior

-17-

conviction" and then apply to reopen the federal sentence.  <u>Id.</u>
<u>See also</u> <u>United States v. Clipper</u>, 313 F.3d 605, 608 (D.C. Cir.
2002) (noting that a defendant has no right to collaterally
attack a prior state conviction used for a sentencing enhancement
unless the conviction was obtained when the defendant was
unrepresented and did not competently and intelligently waive his
right to counsel).

    While Felder's presentence investigation report stated that
he waived counsel (PSR ¶ 42), the New York court records, filed
by the government, reflect that Felder was represented by counsel
in connection with his February 19, 1997 arrest.  (Gov't Opp'n,
Ex. A at 15.)  Moreover, at sentencing in this case, Felder
acknowledged that he had received and reviewed the presentence
investigation report, <u>see</u> docket entry [41] in <u>United States v.</u>
<u>Felder</u>, Criminal Action No. 00-254 (RWR) (D.D.C.), and discussed
it with Rainey (Sent. Tr. at 2), but he did not to object to the
resisting arrest conviction being included in his criminal
history score or to its underlying facts as stated in the report.
Felder also has not proffered any evidence other than his
affidavit to support his claim and does not allege that he in any
way challenged on direct or collateral review that conviction for
which he served sixty days in jail.  (PSR ¶ 42.)  Furthermore, he
does not contest the accuracy or authenticity of the New York
court records in his reply memorandum or his later second

-18-

supplemental filing.  Indeed, he appears to withdraw this

challenge by stating that the "[p]etitioner voluntarily withdraws

his Gideon v. Wainwright claim."  (Pet'r Reply at 6.)  Because he

failed to object at sentencing to the use of the prior state

conviction, does not contest the New York court records

reflecting that he was represented by counsel, and appears to

withdraw this claim, relief on this claim will not be granted.

III. BOOKER

Felder also argues that his sentence imposed in this case in

2002 is unconstitutional under the 2005 Supreme Court ruling in

Booker because the sentence was imposed based on mandatory

sentencing guidelines.  See Booker, 543 U.S. 220 (2005)

(concluding that the federal sentencing guidelines were

unconstitutional as mandatory and rendering them advisory).

However, Booker does not apply retroactively to cases on

collateral review, such as Felder's.  In re Zambrano, 433 F.3d

886, 889 (D.C. Cir. 2006).  Because Booker is not retroactive,

the then-mandatory guidelines applied to Felder and he is not

entitled to relief under § 2255.

CONCLUSION

Because the petitioner has established that a conflict of

fact exists regarding his request for Rainey to file an appeal, a

hearing will be granted.  Because Felder failed to substantiate

his remaining claims regarding ineffective assistance of counsel,

-19-

the calculation of his criminal history, and the application of
Booker, no relief will be granted based upon these claims.
Therefore, it is hereby

ORDERED that new CJA counsel for the petitioner be
appointed.  It is further

ORDERED that an evidentiary hearing be, and hereby is,
scheduled for October 23, 2008 at 10:00 a.m. on the issue of
whether Felder asked Rainey to file a notice of appeal.  If
petitioner is to testify, then counsel for petitioner is directed
to arrange promptly with the warden of petitioner's institution
and John Cramer of this court's Office of Information Technology
for petitioner's presence and testimony by teleconferencing.
Should that capacity be unavailable, counsel for petitioner shall
promptly notify counsel for the government to prepare an
appropriate writ to secure petitioner's presence.  The
petitioner's request for relief on the remaining grounds is
DENIED.  It is further

ORDERED that the petitioner's motion [56] for leave to file
a second supplemental pleading to his § 2255 motion be, and
hereby is, GRANTED.  It is further

ORDERED that the petitioner's motion [57] for discovery of
documents pertaining to whether Rainey visited him at D.C. Jail
following his February 21, 2002 sentencing be, and hereby is,
DENIED without prejudice as premature.

-20-

SIGNED this 24th day of June, 2008.

_____
RICHARD W. ROBERTS
United States District Judge