```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                                   )
**UNITED STATES OF AMERICA,**      )
                                   )
    v.        )    Crim. Action No. 00-254 (RWR)
                                   )
**WAYNE FELDER,**                  )
                                   )
    Defendant. )
_____)

## MEMORANDUM ORDER

    Petitioner Wayne Felder filed a motion under 28 U.S.C. § 2255 to vacate his sentence, arguing that his counsel provided ineffective assistance by not filing an appeal, by not adequately contesting an improper role enhancement under the sentencing guidelines, and by advising him to plead guilty without warning him about the role enhancements; that an unconstitutional prior conviction was used to enhance his criminal history; and that his sentence was unconstitutional under United States v. Booker, 543 U.S. 220 (2005).  On June 24, 2008, the petitioner's motion was denied with respect to all of his claims except for the claim that his attorney failed to appeal when requested.  See United States v. Felder, 563 F. Supp. 2d 160, 169 (D.D.C. 2008) ("2008 Memorandum and Order").  An evidentiary hearing was ordered to resolve the sole remaining issue of whether the petitioner asked his attorney to file an appeal.  Id.  Before the hearing was

held, the petitioner filed a motion under 18 U.S.C. § 3583(c)(2) to reduce his sentence.  The parties conferred and reached a stipulated disposition of both the petitioner's motion to vacate and his motion to reduce his sentence.  The disposition was accepted, the petitioner was resentenced to the stipulated term of imprisonment of 135 months, and the petitioner agreed in his stipulated disposition that he would refrain from appealing the sentence.  After an order effectuating the stipulated disposition was entered, the petitioner -- although represented by counsel -- filed pro se a notice of appeal.  The court of appeals ordered the appeal to be held in abeyance until this Court determines in the first instance whether a certificate of appealability is warranted.

The petitioner argues that a certificate of appealability is warranted notwithstanding the stipulated disposition because "the disposition does not by its terms apply" to any of the ineffective assistance of counsel issues that were resolved in the 2008 Memorandum and Order denying in part the petitioner's motion to vacate.  (Pet'r's Suppl. to Appl. for Certificate of Appealability at 2.)  However, the stipulated disposition provides for "a <u>full</u> disposition of the [petitioner]'s ineffective assistance of counsel claim<u>s</u> with respect to his

former trial counsel" (Stipulated Disposition at 1 (emphasis added)), not merely a resolution of the sole ineffective assistance issue outstanding at the time the disposition was entered. Because the petitioner agreed "to refrain from appealing from this stipulated disposition or the Court's resentencing of the [petitioner] pursuant to this stipulated disposition" (id.), he waived his right to appeal his sentence on the basis of any of the issues he raised in his motion to vacate, including those that were resolved in the 2008 Memorandum and Order.

"A defendant may waive his right to appeal his sentence as long as his decision is knowing, intelligent, and voluntary." United States v. Guillen, 561 F.3d 527, 529 (D.C. Cir. 2009). Even an anticipatory waiver of a defendant's right to appeal -- one made before the defendant knows what his sentence will be -- is "a knowing waiver if the defendant is aware of and understands the risks involved in his decision." Id. However, "a waiver should not be enforced insofar as the defendant makes a colorable claim that he received ineffective assistance of counsel in agreeing to the waiver[.]"[1]  Id. at 530.

---

[1] The petitioner has raised no such claim here.

In the stipulated disposition, which the petitioner signed, the petitioner said:

> I have read this Stipulated Disposition and have discussed it with my attorney . . . .
>
> I fully understand the terms of this Stipulated Disposition and agree to it without reservation.
>
> I do this voluntarily and of my own free will, intending to be legally bound in the event the Court accepts this Stipulated Disposition.
>
> No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Stipulated Disposition fully.
>
> I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to enter into this Stipulated Disposition except those set forth in the Stipulated Disposition.
>
> I am satisfied with the legal services provided by my attorney in connection with this Stipulated Disposition and matters related to it.

(Stipulated Disposition at 4.) The petitioner has provided no basis for challenging these representations, which establish that his decision to enter into the Stipulated Disposition was knowing, intelligent, and voluntary. Moreover, the petitioner does not argue that he was unaware of or failed to understand the risks associated with entering into the Stipulated Disposition.

Because "plea bargaining does not violate the Constitution even though" a defendant may in so doing agree to "waive[] important constitutional rights[,]" Town of Newton v. Rumery, 480


U.S. 386, 393 (1987), the petitioner is not entitled to a certificate of appealability merely because he waived his ability to continue to pursue his ineffective assistance of counsel claims. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). Accordingly, it is hereby

ORDERED that the petitioner's motion [114] for a certificate of appealability be, and hereby is, DENIED.

SIGNED this 23rd day of May, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge